**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HERI MORENO, a.k.a. Jose Hernandez, a.k.a. Jose Heriberto Hernandez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72574 <br><br> Agency No. A094-200-844 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Jose Heri Moreno, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Moreno's omission from his original asylum application of the harm he claimed at the hands of guerrillas and army superiors. *See id.* at 963. Moreno's explanation that he did not remember these events when he prepared his original application does not compel a contrary conclusion. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Moreno's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Moreno's CAT claim is based on the same evidence the IJ found not credible, and the record does not otherwise compel the finding it is more likely than not he would be tortured if returned to El Salvador, his CAT claim also fails. *See id.* at 1156-57.

We reject Moreno's contentions that the IJ violated his due process rights by exhibiting bias and not adequately assisting him as a pro se litigant. Finally, we deny Moreno's request for pro bono counsel.

**PETITION FOR REVIEW DENIED.**

11-72574